UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
NOV 18 2005

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JASON BOYLES, | * | CIV 04-4134 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| DOUGLAS WEBER, Warden South Dakota State Penitentiary, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Jason Boyles, filed an Application for Writ of Habeas Corpus by Person in State Custody, pursuant to 28 U.S.C. § 2254. Respondent filed an answer, Doc. 7, and a brief on the merits, Doc. 11. In a Brief on the Merits, Doc. 18, filed in response to Respondent's brief, Petitioner requests an evidentiary hearing regarding four witnesses that he subpoenaed to testify at his state habeas hearing, but who did not testify at the hearing and the state habeas court denied his request for a continuance to secure the attendance of these absent witnesses to testify on his behalf.

The Court finds that the provisions of 28 U.S.C. § 2254(e)(2) do not prohibit the Court from conducting an evidentiary hearing in this case. Section 2254(e)(2) provides that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant ..." meets an initial burden. The Supreme Court held that, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *see Osborne v. Purkett*, 411 F.3d 911, 915 (8th Cir. 2005). In this case, there was no lack of diligence by Petitioner or his counsel to develop the factual basis of his claims. The witnesses were subpoenaed, but three were in various jails and one could not be located on the day of the hearing. Petitioner's

counsel did request a continuance of the state habeas hearing after the State objected to the introduction of the absent witnesses' sworn statements. The continuance was denied. Thus, the question becomes whether the Court should exercise its discretion to grant an evidentiary hearing. *See Wilkins v. Bowersox*, 145 F.3d 1006, 1016 (8th Cir. 1998) (finding the district court did not abuse its discretionary power to hold an evidentiary hearing).

Petitioner's first trial ended with a hung jury. During the second trial, Petitioner was convicted in Millette County, South Dakota of second degree murder in violation of SDCL § 22-16-12. He was sentenced to life imprisonment pursuant to SDCL §§ 22-16-12 and 22-6-1. He filed a direct appeal, *South Dakota v. Boyles*, 567 N.W.2d 856 (S.D. 1997), in which the South Dakota Supreme Court affirmed his conviction and sentence.

The death involved in this case occurred during the early morning of August 10, 1995. Ronald Stranger Horse was struck from behind by a car while walking along a road south of White River. There were two eyewitnesses to Stranger Horse's death, the Petitioner and Harvi Lynn Sharp Butte, who were in the car that struck Stranger Horse. During Petitioner's trial, Sharp Butte testified that Petitioner was the driver, but Petitioner had no conscious recollection of the incident. Rather, Petitioner was hypnotized and while under hypnosis, Petitioner stated that Sharp Butte was the driver. The video tape of Petitioner's hypnotic session was shown to the jury during the first trial, but at the second trial the trial court refused to allow the jury to view the video tape. Dr. Matt Stricherz, the hypnotist, was allowed to testify at the second trial about his recollection of Petitioner's statements made while Petitioner was hypnotized.

After the direct appeal was concluded, a state habeas petition was filed and a hearing was held where several witnesses testified that they either heard Sharp Butte admit to being the driver or they saw her driving Boyles' car on the morning Stranger Horse was killed. Petitioner's counsel informed the state habeas court that they had four additional witnesses that were subpoenaed to testify at the habeas hearing but did not appear to testify. These witnesses were John Eagle Tail, Imadeen White Buffalo, Nathaniel First In Trouble and Chad White Feather. Petitioner's counsel

offered into evidence sworn statements from these witnesses, but the habeas court sustained the State's objection to these statements as hearsay. Although reluctant to do so because of the delays that had already occurred in the case, after it was clear the statements of these four witnesses would not be admitted into evidence, a continuance was then requested by Petitioner's counsel to secure the testimony of these witnesses. The state habeas court denied the request for a continuance of the habeas hearing.

The state habeas court found that the testimony of the four additional witnesses Petitioner desired to call would be cumulative to those who had already testified and thus denied the requested continuance. The witnesses that testified, however, were discredited by the state habeas court in a cursory fashion. As the habeas court apparently did not believe the testimony of any of Petitioner's witnesses, it is not established on the record that the four additional witnesses Petitioner had subpoenaed would have been cumulative. On appeal of the denial of habeas relief, the South Dakota Supreme Court accepted the habeas court's cursory credibility findings. *See Boyles v. Weber*, 677 N.W.2d 531, 540 (S.D. 2004). If the habeas court did not find credible any witness that testified and denied habeas relief, then it cannot be said based upon the existing record that the testimony of the four additional witnesses subpoenaed by Petitioner is cumulative.

The South Dakota Supreme Court recognized Sharp Butte's credibility was critical to the jury's verdict: "[i]n large measure, it appears that the case hinged on whether the jury believed Sharp Butte's testimony concerning who was driving that evening." *Boyles* 677 N.W.2d at 548. Petitioner contends three of the four witnesses that were not presented at the state habeas hearing would testify about hearing Sharp Butte admit to being the driver and the fourth would testify about seeing Sharp Butte driving the Boyles' car. Based upon the Court's review of the record in this case, the Court will exercise its discretion to hold an evidentiary hearing. Accordingly,

3

IT IS ORDERED that an evidentiary hearing regarding Petitioner's Petition under 28 U.S.C. § 2254, will be held on Friday, December 2, 2005 at 9:00 A.M. (MST), at the Federal Courthouse in Rapid City, South Dakota.

Dated this 18th day of November, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
(SEAL)   DEPUTY