

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JASON BOYLES, | CIV 04-4134 |
| Petitioner, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| DOUGLAS WEBER, Warden South Dakota State Penitentiary, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Court granted a conditional Writ of Habeas Corpus by Person in State Custody, pursuant to 28 U.S.C. § 2254, on August 3, 2007, directing that the Petitioner be released from custody on the conviction and sentence challenged in this habeas action unless the State of South Dakota commences proceedings to afford Petitioner a new trial within sixty days of the date of the Order. Respondent then filed a Motion for Stay Pending Appeal, Doc. 81. The Motion has been briefed by the parties. For the reasons set forth below, the Motion will be denied.

> Rule 23(c) of the Federal Rules of Appellate Procedure provides:
>
> While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

FED.R.APP.P. 23(c). The factors to be considered by the district court in deciding whether to issue a stay of its decision ordering the release of a prisoner are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). In addition, the possibility of flight should be taken into consideration in

determining whether to release a prisoner. *See id.* If the State establishes the prisoner will pose a danger to the public if released, the Court may also consider that fact in determining whether to release a prisoner pursuant to Rule 23(c). Finally, both the State's interest in continuing custody and rehabilitation of the prisoner pending a ruling by the appellate court and the habeas petitioner's interest in being released pending such a decision are appropriate factors to consider under Rule 239(c). The Supreme Court held that, "[t]here is presumption in favor of enlargement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it." *Id.* The factors cited above are to be balanced in determining whether the presumption in favor of release of the habeas petitioner has been overcome by the stay applicant. *See id.* at 777-78.

The first factor requires the Respondent to make a strong showing that he is likely to succeed on the merits of his appeal. Respondent has done little to show that he is likely to succeed on the merits of the appeal in this case. He has explained the issues he will raise on appeal and cited his answer to the habeas petition in support of his argument that he will succeed on appeal. No issue or alleged error in the Court's opinion granting Petitioner's § 2254 Petition has been raised that was not carefully considered by the Court in ruling on the habeas petition in this matter. The Court read the entire jury trial transcript in this case and meticulously scrutinized all of the arguments made by both Petitioner and Respondent in this case. The Court is firmly convinced Respondent has not made a showing that he is likely to succeed on the merits of his appeal and certainly has not made a strong showing in that regard. Accordingly, this factor weighs heavily against granting a stay in this action.

The second factor requires the Court to consider whether the Respondent will be irreparably injured absent a stay. Respondent makes the argument that Petitioner is a flight risk, which could possibly result in irreparable injury if Petitioner flees from law enforcement after his release. The Court is concerned that Petitioner escaped while he was in custody awaiting transportation to the South Dakota State Penitentiary following the conviction in this case. He was apparently located three months after his escape on an Indian reservation in South Dakota. No showing has been made, however, that Petitioner poses a risk of *failing to appear* for a retrial if the Eighth Circuit affirms

2

this Court's decision and the State chooses to retry Petitioner. Respondent has not pointed to any evidence that Petitioner has previously failed to appear for judicial proceedings. Due to his escape, however, this factor weighs slightly in favor of granting Respondent's motion to stay.

Under the third factor, the Court is to consider whether Petitioner will be substantially injured by the issuance of a stay. Respondent nonchalantly dismisses any injury to Petitioner from the granting of a stay by stating, "[s]uch injury as there is would only arise from the continued custody of the Petitioner during the appeal." (Doc. 81 at ¶ 7.) Contrary to Respondent's argument, one of the most important personal rights guaranteed by the Constitution of the United States is one's right to liberty without due process of law, which cannot be lightly disregarded. The Court finds this factor weighs heavily in favor of denying the stay, because denying Petitioner his freedom during the pendency of the appeal will cause substantial injury to Petitioner. Other than the conviction and sentence the Court found to be unconstitutional in this case, no additional conviction or sentence requires Petitioner's continued custody. Although the Court recognizes a convicted person does not stand in the same position as a pre-trial detainee regarding their right to liberty, continued custody under a conviction that has been found unconstitutional will nevertheless cause substantial injury to Petitioner.

The fourth factor requires the Court to consider the public interest. Respondent argues it will be in the public's interest to continue Petitioner's custody to avoid danger to public safety and risk of flight. Respondent's risk-of-flight argument was considered above. As stated above, Petitioner's escape causes the Court concern, and may slightly tip the balance in favor of granting a stay, but the Court is not convinced Petitioner poses a risk of failing to appear for judicial proceedings. Additionally, the Court finds Respondent's argument the Petitioner poses a danger to public safety is unfounded. Respondent cites only Petitioner's conviction the Court has declared unconstitutional as a basis for arguing Petitioner poses a threat to public safety. The Court is satisfied, however, by the evidence introduced at the trial at issue in this case, that Petitioner has a non-violent nature and he does not pose a danger to public safety. On the other hand, the Court recognizes the Respondent has a strong interest in Petitioner's continued custody pending the appeal in this action in light of the life sentence that was imposed. The Supreme Court has indicated the State's interest in

3

continuing custody is strongest "where the remaining portion of the sentence to be served is long ...." *Hilton*, 481 U.S. at 777.

In determining whether the presumption in favor of release has been overcome and in balancing the appropriate factors, the Supreme Court explained "[t]he balance may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* As explained above, the Court does not find the Respondent has a strong likelihood of success on appeal. Moreover, the Court finds based upon Respondent's minimal effort to support his argument that he will prevail on appeal, as well as the Court's careful consideration of Petitioner's grounds for habeas relief, that the Respondent has likewise failed in demonstrating he has a "substantial case on the merits" of his appeal. *See id.* Having considered all of the appropriate factors, the Court finds Respondent has failed to overcome the presumption in favor of releasing Petitioner pending the appeal in this case and pursuant to Rule 23(c) Petitioner shall be released from custody in accordance with the Judgment issued by this Court on August 3, 2007. Accordingly,

IT IS ORDERED that Respondent's Motion for Stay Pending Appeal, Doc. 81, is denied and Petitioner shall be released from custody in accordance with the Judgment issued by this Court on August 3, 2007.

Dated this ___ day of September, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY

4